UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
FREDDY RUSSO,

        Debtor-Appellant,

        -against-

KRISTA M. PREUSS.,

        Trustee-Appellee.
------------------------------------------------------------------x

**ORDER DISMISSING BANKRUPTCY APPEAL**
1:24-CV-3756 (OEM)

**ORELIA E. MERCHANT, United States District Judge:**

**WHEREAS**, pro se appellant Freddy Russo ("Russo" or "Debtor-Appellant") appeals from an order of the Bankruptcy Court for the Eastern District of New York ("Bankruptcy Court") dismissing his Chapter 13 bankruptcy case, 1-22-41920-ess, entered on February 20, 2023 (the "Dismissal Order"), *see* Notice of Appeal from Bankruptcy Court (the "Bankruptcy Appeal"), ECF 1[1];

**WHEREAS**, the Federal Rules of Bankruptcy Procedure provide that a district court "may affirm, modify, or reverse a bankruptcy judge's judgment, order, or decree." Fed. R. Bankr. P. 8013;

**WHEREAS**, the Court reviews a bankruptcy court's conclusions of law *de novo* and its findings of fact under a clearly erroneous standard. *In re Ionosphere Clubs, Inc.,* 922 F.2d 984, 988 (2d Cir. 1990); *In re Osborne*, No. 13 CV 2803(VB), 2013 WL 11317662, at *2 (S.D.N.Y. Oct. 9, 2013);

**WHEREAS**, the Bankruptcy Court determined in the Dismissal Order that dismissal was warranted pursuant to 11 U.S.C. § 1307(C) because, *inter alia*:

---

[1] The Court also cites to the docket for case 1-22-41920-ess in the Bankruptcy Court (the "Bankruptcy Court Docket") in lieu of the transmitted bankruptcy record filed in this case.

1) Debtor-Appellant was not eligible to be a debtor under 11 U.S.C. §109(h);

2) Debtor-Appellant's proposed Bankruptcy Plan was not sufficiently funded to repay all secured creditors in full as required under 11 U.S.C. §1325(a)(5);

3) Debtor-Appellant had failed to provide the Trustee with documentation of the value of all real property as required by E.D.N.Y. LBR 2003-1(a)(iii); and

4) Debtor-Appellant had failed to provide the Trustee with copies of canceled checks, receipts, money orders or other documentation of payment of all mortgage installments and real property lease payments that have come due since the filing of the petition as required by E.D.N.Y. LBR 2003-1(a)(vi) and (b)(i).

*See id.* at 6;

**WHEREAS**, the Bankruptcy Court denied Debtor-Appellant's motion for reconsideration on February 15, 2024, *See* Bankruptcy Appeal Record, ECF 1-1, at 11-19;

**WHEREAS**, on June 18, 2024, the Court issued an order to show cause (the "OTSC") ordering Debtor-Appellant to:

SHOW CAUSE, in writing, by July 1, 2024: (i) why this case should not be dismissed for failure to complete credit counseling before September 12, 2022, the date ordered by the Bankruptcy Judge. See 1-22-41920-ess at ECF 10, 24; *See In re Seaman*, 340 B.R. 698, 700 (Bankr. E.D.N.Y. 2006); (ii) that he is currently an "individual with regular income" such that he is eligible to be a debtor under 11 U.S.C.A. § 109(e); (iii) why this case should not be dismissed for failure to make plan payments; and (iv) why this case should not be dismissed for failure to follow Local Bankruptcy Rules' 2003-1 requiring mandatory disclosures for first creditor meeting, confirmation plan, and affidavits thereto. *See In re Montalvo*, 416 B.R. 381, 38485 (Bankr. E.D.N.Y. 2009) (noting a previous order dismissing a Debtor's second case was entered, pursuant to a Motion filed by the Chapter 13 Trustee. Debtor's second case was dismissed because Debtor failed to file copies of pay statements, failed to file copies of federal tax income tax return, failed to comply with the disclosure requirements of E.D.N.Y. LBR 2003-1, failed to appear at the Section 341 meeting of creditors, and failed to commence making Chapter 13 plan payments.).

**WHEREAS**, Debtor-Appellant filed a written response to the OTSC ("Response") on July 1, 2024;

**WHEREAS**, Appellee-Trustee filed a reply to the Response ("Reply") on July 8, 2024;

2

**WHEREAS**, Debtor-Appellant's Response provides insufficient explanation to the Court's inquiries contained in the OTSC;

**WHEREAS**, Debtor-Appellant, a consumer bankruptcy debtor, is required to obtain a certificate of credit counseling within 180 days *prior* to filing their petition. 11 U.S.C. §109(h)(1) ("An individual may not be a debtor under this title [of the Bankruptcy Code] unless such individual has, during the 180-day period ending on the date of filing of the petition by such individual, received from an approved nonprofit budget and credit counseling agency . . . an individual . . . briefing . . . that outlined the opportunities for available credit counseling and assisted such individual in performing a related budget analysis");

**WHEREAS**, on the date of filing of his petition in the Bankruptcy Court Debtor-Appellant had not obtained the statutorily required credit counseling and sought a 30 day extension, *see* Bankruptcy Court Docket at ECF 3;

**WHEREAS**, the Bankruptcy Court invoked 11 U.S.C. §109(h)(3) to grant the Debtor 30 additional days to obtain his certificate of credit counseling and requiring proof of same due by September 12, 2022, *see* Bankruptcy Court Docket at ECF 10;

**WHEREAS**, Debtor-Appellant did not file a certificate of credit counseling until September 22, 2022, ten (10) days after the Court's deadline, *see* Bankruptcy Court Docket at ECF 24;

**WHEREAS**, Debtor-Appellant admits in his Response that his certificate of credit counseling was obtained "slightly late," but insists that the Bankruptcy Court "was aware of this and accepted" this late certificate of credit counseling as "compliant and complete." Response at 3;

3

**WHEREAS**, Debtor-Appellant fails to point to any facts in the record below corroborating this claim in his Response, fails to cite to any order from the Bankruptcy Court excusing or accepting the untimely credit counseling, and fails to provide this Court any legal authority for this conclusion;

**WHEREAS,** the Dismissal Order explicitly dismissed the case stating that Debtor-Appellant is "not eligible to be a debtor under 11 U.S.C. §109(h)." Dismissal Order; *See* 11 U.S.C. §109(h)(1);

**WHEREAS**, "courts have overwhelmingly concluded that a bankruptcy case filed by a petitioner who is ineligible to be a debtor because he or she neither satisfied the credit counseling requirement, nor established an entitlement to an exemption from it, should be dismissed." *In re Seaman*, 340 B.R. 698, 703 (Bankr. E.D.N.Y. 2006) (concluding that dismissal, rather than striking of a petition, was the appropriate remedy for four thoroughly explained reasons); *see also In re Ginsberg*, 354 B.R. 644, 647 (Bankr. E.D.N.Y. 2006) ("Since the Debtor did not satisfy the credit counseling requirement imposed by Section 109(h)(1) and is not eligible for an exemption or a waiver pursuant to Section 109(h)(3) or (h)(4), she is ineligible to be a debtor under the Bankruptcy Code and as such, cannot be afforded bankruptcy relief. For the reasons comprehensively explained in *Seaman,* this case must be dismissed.");

**WHEREAS**, the Court concludes *de novo* from the law and the record below that Debtor-Appellant failed to timely file a certificate of credit counseling despite the *sua sponte* extension of the Bankruptcy Court and has failed to show any cause as to why the appeal should not be dismissed;

**WHEREAS**, the Court "has considered debtors' additional arguments and finds them to be without merit" for the reasons explained in the Trustee's Reply. *In re Osborne*, 2013 WL 11317662, at *5 (bankruptcy appeal);

It is hereby **ORDERED** that the Bankruptcy Court's Dismissal Order is **AFFIRMED** and Debtor-Appellant's Bankruptcy Appeal shall be **DISMISSED**.

**IT IS SO ORDERED.**

/s/   Orelia E. Merchant
ORELIA E. MERCHANT
United States District Judge

Dated:    July 15, 2024
          Brooklyn, New York